UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

October 30, 2018

LETTER TO COUNSEL:

RE:  *Pamela F. v. Nancy A. Berryhill, Acting Commissioner of Social Security*[1]
     Civil No. TJS-17-2667

Dear Counsel:

On September 11, 2017, Plaintiff Pamela F.[2] petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 14 & 17.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

In her applications for SSI and DIB, Pamela F. alleged a disability onset date of December 6, 2013. (Tr. 249, 254.) Her applications were denied initially and on reconsideration. (Tr. 166, 178, 186.) A hearing was held before an Administrative Law Judge ("ALJ") on September 22, 2016 (Tr. 39-95), and the ALJ found that Pamela F. was not disabled under the Social Security Act (Tr. 19-33). The Appeals Council denied Pamela F.'s request for review (Tr. 1-3), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Pamela F.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On September 7, 2018, the case was reassigned to me.

Pamela F. was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since December 6, 2013. (Tr. 12.) At step two, the ALJ found that Pamela F. suffered from the following severe impairments: chronic bronchitis, asthma, multiply located osteoarthritis (including spinal osteoarthritis with radiculopathy), major depressive disorder, and post-traumatic stress disorder. (Tr. 22.) At step three, the ALJ found Pamela F.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 22-23.) The ALJ determined that Pamela F. retained the residual functional capacity ("RFC"):

> to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), with the following additional limitations. She can occasionally use her upper extremities for overhead activities such as lifting, reaching, pulling, and pushing bilaterally. She can frequently use the upper extremities for handling, feeling, fingering, and grasping bilaterally. She can occasionally crawl, climb stairs and ramps, kneel, and crouch. She can occasionally use the lower extremities to operate foot and leg controls. She cannot climb ladders, ropes, and scaffolds. She can occasionally be exposed to hot and cold temperatures, vibrations, dust, wetness, and work around dangerous moving mechanical parts and unprotected heights. She possesses the common-sense ability to understand and complete detailed but uninvolved oral and written instructions in two-hour intervals. She can occasionally interact with the general public superficially. She can occasionally work in teams, in tandem, and with co-workers. She can perform low-stress occupations that would not require her to complete a fixed number of production quotas and fast-paced assembly line work.

(Tr. 25.)

At step four, relying on the testimony of a vocational expert, the ALJ determined that Pamela F. was unable to perform past relevant work as a legal clerk, a postal truck driver, a mail carrier, a route delivery driver dispatcher, or as a forklift operator. (Tr. 31.) At step five, relying on the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Pamela F. can perform, including retail marker, mail clerk, and clerical assistant. (Tr. 32.) Therefore, the ALJ found that Pamela F. was not disabled under the Social Security Act. (*Id.*)

Pamela F. raises five arguments in this appeal. First, she argues that the ALJ did not provide a narrative discussion explaining how the evidence supported his conclusions. Second, she argues that the ALJ did not properly evaluate her obesity. Third, she argues that the ALJ did not address her need for a sit/stand option. Fourth, she argues that the ALJ improperly rejected the opinions of a consultative psychological examiner. Fifth, she argues that the ALJ did not properly evaluate her credibility. I will discuss each of these arguments below.

Pamela F. first argues that the ALJ "failed to set forth a narrative discussion setting forth how the evidence supported each conclusion [of the RFC], citing specific medical facts and nonmedical evidence." (ECF No. 14-1 at 5-6.) She contends that the ALJ did not explain how he arrived at the RFC determination. Because the ALJ did not explain how he reached his

conclusions, Pamela F. argues, the ALJ's decision defies review. (*Id.* at 6-7.)

Social Security Ruling 96-8p instructs that an "RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). Further, the "RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. An ALJ must "both identify evidence that supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis omitted).

Contrary to Pamela F.'s argument, the ALJ adequately assessed her RFC based on the medical evidence. The ALJ summarized Pamela F.'s complaints, the objective medical evidence, and the medical opinions in the record. The ALJ noted that Pamela F.'s treatment history for her severe physical impairments reflected "conservative treatment . . . suggesting that [Pamela F.'s] impairments were not so severe as to require treatment that is more aggressive." (Tr. 27.) The ALJ also observed that Pamela F.'s respiratory, musculoskeletal, and neurological signs were observed to be normal on numerous occasions between 2013 and 2016. (*Id.* at 26-27.) As explained below, the ALJ also summarized and explained the weight assigned to the medical opinions in the record. (*Id.* at 27-30.) Having reviewed the ALJ's decision, the Court finds that the evidence summarized by the ALJ supports the finding that Pamela F. can perform the work set forth in the RFC determination. Because the ALJ's narrative RFC discussion and relevant citations to the record enable meaningful review of the ALJ's RFC analysis, Pamela F.'s first argument is without merit.

Pamela F.'s second argument is that the ALJ failed to properly consider her obesity in connection with the RFC assessment. (ECF No. 14-1 at 7-11.) She does not explain, however, what she believes is lacking in the ALJ's decision. The ALJ found Pamela F.'s obesity to be a non-severe impairment, and stated that "the record does not reflect more than minimal interference with basic work activities as a result of" her obesity. (Tr. 22.) Pamela F. does not point to any evidence that her obesity causes additional limitations that are not included in her RFC. *See White v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-506, 2017 WL 1102719, at *2 (D. Md. March 23, 2017) ("[I]t is the claimant's burden to provide evidence of the functional limitations caused by her severe impairment, including obesity."). Although "obesity is known to exacerbate other health issues," *Campbell v. Comm'r, Soc. Sec. Admin.*, No. SAG-12-2378, 2013 WL 3466793, at *2 (D. Md. July 9, 2013), the ALJ already accounted for Pamela F.'s other health issues in the RFC determination. Specifically, the ALJ considered Pamela F.'s knee problem, and discussed the treatment records related to these impairments. (Tr. 26-28.) Because Pamela F. has not identified how her obesity limited her to a greater extent than the ALJ found, she has failed to carry her burden. *Id.*

Pamela F.'s third argument is that the ALJ "failed to address the Plaintiff's need for a sit/stand option." (ECF No. 14-1 at 11-12.) She points to evidence in the record indicating that she is only capable of sitting for 20 minutes and standing for 20 minutes, on an alternating basis. (*Id.*) She argues that the ALJ ignored the evidence tending to show that she requires a sit/stand

3

option, and failed to include any restriction in the RFC to work that would allow her to sit or stand at 20 minute intervals. (*Id.* at 12.)

The ALJ properly discredited Pamela F.'s statements regarding her need to alternate between sitting and standing every 20 minutes. The ALJ juxtaposed these statements against the objective examination findings that revealed generally normal musculoskeletal and neurological functioning, normal range of motion, and normal strength. (Tr. 27.) The ALJ properly considered the objective medical evidence in relation to Pamela F.'s statements regarding her need to alternate between sitting and standing. In reviewing an ALJ's decision, it is not this Court's role to reweigh the evidence or substitute its judgment for that of the ALJ. Instead, this Court's role is to determine whether the ALJ's decision is supported by substantial evidence. The ALJ properly evaluated Pamela F.'s credibility on this point in connection with the medical evidence in the record. The ALJ's implicit rejection of a sit/stand option for Pamela F. is supported by substantial evidence.

Pamela F.'s fourth argument concerns the ALJ's partial rejection of the opinion of consultative psychological examiner, Dr. Jerome Albert. (ECF No. 14-1 at 12-13.) She argues that the ALJ failed to identify any inconsistency between Dr. Albert's opinion and other medical evidence of record. However, the ALJ explicitly contrasted Dr. Albert's opinion that Pamela F.'s limitations might affect her ability to sustain attention with contemporaneous treatment records from 2013 to 2016. (Tr. 27-28, 694-726.) In these treatment records, in general, "no significant observations were made" regarding Pamela F.'s mental impairments, and she was observed to have "exhibited generally normal speech, normal though process and content, intact memory, intact attention and concentration, and intact insight and judgment." (Tr. 27.) The inconsistency that the ALJ identified between Dr. Albert's opinions and other medical evidence of record provided the ALJ a permissible basis to limit the weight assigned to Dr. Albert's opinions.

For this reason, *Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984), is inapposite. Pamela F. argues that the ALJ relied on his own expertise to interpret the results of her psychological evaluation, and cites *Wilson* in support of her argument that the ALJ's analysis was therefore improper. However, the ALJ in *Wilson* disregarded the uncontradicted clinical findings of an examining physician and a treating physician, thereby exercising "an expertise he did not possess in the field of orthopedic medicine." *Id.* Where a physician's opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Here, the ALJ did not "exercise an expertise he did not possess in the field of psychology," as Pamela F. argues (ECF No. 14-1 at 13). Instead, the ALJ considered Dr. Albert's opinion in light of Dr. Albert's other examination findings and in light of the opinions of Pamela F.'s other treatment providers. Because substantial evidence exists that undermines Dr. Albert's opinion about Pamela F.'s mental limitations, the ALJ appropriately discounted Dr. Albert's opinion.

Pamela F.'s fifth argument is that the ALJ did not properly evaluate her credibility regarding her subjective symptoms. (ECF No. 14-1 at 14-15.) In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment

that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id*. To determine the credibility of a claimant's statements, the ALJ "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029 (S.S.A. March 16, 2016). An ALJ must "articulate which of a claimant's individual statements are credible, rather than whether the claimant is credible as a general matter." *Bostrom v. Colvin*, 134 F. Supp. 3d 952, 960 (D. Md. 2015); *see also Mascio v. Colvin*, 780 F.3d 632, 640 (4th Cir. 2015) ("Nowhere, however, does the ALJ explain how he decided which of [the claimant's] statements to believe and which to discredit, other than the vague (and circular) boilerplate statement that he did not believe any claims of limitations beyond what he found when considering [the claimant's] residual functional capacity.").

The ALJ properly evaluated the credibility of Pamela F.'s subjective complaints. In doing so, the ALJ discussed Pamela F.'s statements in light of the examination findings in the record that consistently revealed normal findings in her ability to concentrate and with regard to her thought processes, memory, insight, and judgment. (Tr. 23, 27.) As discussed above, the ALJ also noted the inconsistency between Pamela F.'s statements regarding her musculoskeletal and respiratory limitations and the generally normal examination findings contained in the objective medical evidence. The ALJ's explanation is sufficient to allow this Court to determine that the ALJ's findings are supported by substantial evidence and that the findings were reached through the application of the proper legal standards.

For the reasons set forth herein, Pamela F.'s Motion for Summary Judgment (ECF No. 14) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 17) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                              Sincerely yours,

                                              /s/
                                            Timothy J. Sullivan
                                            United States Magistrate Judge